UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**MERITUS FEDERAL CREDIT UNION**     CASE NO. 6:25-CV-01056

**VERSUS**     JUDGE S. MAURICE HICKS, JR.

**DEVONTE FRANCIS**     MAGISTRATE JUDGE DAVID J. AYO

## REPORT AND RECOMMENDATION

The undersigned issues the following *sua sponte* report and recommendation pursuant to 28 U.S.C. § 636. Considering the record in this matter, applicable law and jurisprudence, and for the reasons explained below, this Court recommends that this case be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, from which it was improperly removed by defendant Devonte Francis.

## Factual Background

Portions of the state court record filed with the Notice of Removal indicate that Meritus Federal Credit Union filed suit against Francis on or about July 7, 2025 alleging non-payment of amounts due on two loans granted in favor of Francis in 2022. (Rec. Doc. 1-2 at p. 2). On July 21, 2025, Francis removed this suit to this Court asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on Francis' counterclaims and defenses under the Fair Credit Reporting Act, the Consumer Financial Protection Act, 42 U.S.C. § 1983, the Trafficking Victims Protection Act, the Racketeer Influenced and Corrupt Organizations Act, and the Fair Debt Collection Practices Act. (Rec. Doc. 1 at pp. 1–2).

## Applicable Standards

Federal courts are courts of limited jurisdiction and may exercise their power to decide cases only where authorized by the Constitution of the United States or statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 (1994).

A defendant may remove a civil action to federal district court where the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removing party bears the burden of proving that a federal district court possesses subject matter jurisdiction over the subject suit. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). The existence of subject matter jurisdiction is determined at the time of removal, including "the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

A federal court may and arguably must raise the issue of subject matter jurisdiction *sua sponte*, if not addressed to its satisfaction by the parties. Fed. R. Civ. P. 12(h); *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 at n. 5 (5th Cir. 2005). In observance of the limited jurisdiction of federal courts, the removal statute is strictly construed and any suit not removed in compliance therewith must be remanded. *Manguno, supra.*

## Analysis

In this case, Francis invoked federal question jurisdiction based on counterclaims and/or defenses he intends to assert in response to Meritus' state law claims. (Rec. Doc. 1). Removal of civil actions is governed by 28 U.S.C. § 1441, which does not permit removal based on a federal law counterclaim or defense. *Home Depot U.S.A v. Jackson*, 587 U.S. 435, 442

(2019); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987). Thus, Francis' removal was improper under 28 U.S.C. § 1441 and remand is required.

## Conclusion

For the reasons discussed herein, the Court recommends that this suit be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana from which it was improperly removed.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 4th day of August, 2025.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**